## McCORMICK HARVESTING MACHINE COMPANY v. J. D. STIRES.

FILED MAY 17, 1905. No. 13,808.

Jurisdiction of a special proceeding is not conferred merely by calling the attention of the court to the fact that an indispensable statutory foundation is wholly lacking.

ERROR to the district court for Platte county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*O'Neill & Gilbert,* for plaintiff in error.

*J. J. Sullivan, contra.   J. D. Stires, pro se.*

AMES, C.

There is no dispute in this case about the facts. The plaintiff sued M. E. Beerbower, a married woman, in the county court of Platte county, upon some promissory notes. The defendant was then absent from the state, and she was never served with summons, either actually or constructively, and never appeared in the suit in person or by attorney. By mistake of the constable a summons was served upon her husband and returned as having been served per-

54

sonally upon her, and a formal judgment was rendered
against her of which a transcript was filed and docketed
in the office of the district clerk for Nance county. Upon
the transcript execution was issued and returned unsatis-
fied, and proceedings in garnishment, regular in form, were
prosecuted against one A. L. Stores. In this proceeding
Mrs. Beerbower appeared for the especial and sole purpose
of objecting that there was no judgment against her in
favor of the plaintiff. The garnishee answered that he was
indebted to Mrs. Beerbower in a certain sum as rent
accrued or accruing under a lease of a tract of land be-
longing to her, which sum he was ordered to pay and did
pay into court for the use of the plaintiff, and which the
plaintiff received from the clerk in satisfaction of its sup-
posed judgment. Subsequent to the service of the sum-
mons in garnishment, but before the garnishee had paid
or been ordered to pay the money into court, and before
Mrs. Beerbower appeared to object to the garnishment pro-
ceedings, she assigned the rents in controversy to the de-
fendant in error, J. D. Stires. This is an action by Stires,
as assignee of the rents, against the plaintiff in the garnish-
ment for money had and received to the use of the former.
The petition was in the ordinary form in such cases, and
the answer pleaded the alleged judgment and the proceed-
ings in garnishment as a defense. The reply alleged that
before the proceedings were begun the county court, by
which the supposed judgment was rendered, had vacated
it and set it aside as having been obtained without service
of summons upon the defendant therein and without juris-
diction. There was a trial upon which the matter pleaded
in the reply was admitted in evidence, and the defense was
disallowed, and the plaintiff recovered a verdict and judg-
ment for the sum sued for. Proceedings in error were
prosecuted in this court where the judgment was reversed
by an opinion published in 68 Neb. 432, in which additional
facts not pertinent to the controversy at its present stage
are recited. The judgment of reversal was based solely
upon the ground that the judgment of the county court of

Platte county was wholly void for want of jurisdiction, and that because it was so that court was without power to make an order vacating it, and for that reason the matter pleaded in the reply was immaterial. The opinion further held that, the judgment being void, the action for money had and received would lie, so that both these matters are now "the law of the case" and will not be further discussed. The cause was remanded with leave to the plaintiff (defendant in error) to amend his reply, which he did by pleading the invalidity of the judgment and subsequent proceedings upon it. There was a trial disclosing the facts recited in this and the former opinion, and a verdict for the plaintiff was returned in obedience to a peremptory instruction by the court. To reverse a judgment thereon this proceeding is prosecuted.

We can hardly understand how it can be supposed that anything remains to be litigated. The supposed judgment in the county court is conceded by counsel and has been finally adjudicated to have been void. Neither the defendant therein nor the defendant in error, her assignee, was a party to the garnishment proceeding, which could only have been founded upon a valid judgment, and of which, therefore, the district court for Nance county had no jurisdiction. Whether a general appearance therein by Mrs. Beerbower would have conferred jurisdiction it is needless to inquire. She appeared specially only, for the sole purpose of informing the court and the garnishee of the fact, which the plaintiff already well knew, viz., that the judgment was void and the court was without jurisdiction. It is immaterial whether her previous assignment of the rents in controversy to the defendant in error rested upon a consideration sufficient as against creditors. It was and is sufficient as between the parties, and the plaintiff in garnishment was not and is not a creditor in a position to question it. Neither principle nor authority is cited for holding that jurisdiction of a special proceeding is conferred by merely calling the attention of the court to the fact that a statutory foundation for it is wholly lacking.

It is recommended that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.